**UNITED STATES of America,**
**Appellee,**

v.

**Frantz BOULOUTE, Defendant–**
**Appellant.**

No. 05–2981–cr.

United States Court of Appeals,
Second Circuit.

June 19, 2006.

Richard B. Rosenthal, Miami, FL, for Appellant.

Paige Petersen, Assistant United States Attorney, (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present JOSEPH M. McLAUGHLIN and REENA RAGGI, Circuit Judges, and KENNETH M. KARAS,[1] District Judge.

## SUMMARY ORDER

Defendant Frantz Bouloute was convicted after a jury trial on three counts of knowingly and intentionally conspiring to import, actually importing, and attempting to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846, 952(a), 960, 963. Presently incarcerated and serving a 130–month term of incarceration, Bouloute appeals on the grounds that (1) the trial evidence was legally insufficient to support guilty verdicts on any of the counts of conviction, (2) the district court erroneously admitted certain prejudicial evidence, and (3) his sentence is unreasonable. In reviewing these claims, we assume the parties' familiarity with the facts and the record of prior proceedings.

1. *The Sufficiency Challenge*

A defendant raising a sufficiency challenge to his conviction bears a "heavy burden," *United States v. Xiao Qin Zhou,* 428 F.3d 361, 369–70 (2d Cir.2005), because although our standard of review is *de novo,*

*United States v. Reyes,* 302 F.3d 48, 52–53 (2d Cir.2002), we consider the evidence in the light most favorable to the government, crediting every inference the jury might have drawn in the government's favor, and deferring to the jury's determination of the weight of the evidence and the credibility of witnesses, *see, e.g., United States v. Bruno,* 383 F.3d 65, 82 (2d Cir. 2004). We will uphold the jury verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Xiao Qin Zhou,* 428 F.3d at 369–70; *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Bouloute essentially concedes the sufficiency of all elements of the three counts of conviction except for *mens rea.* He contends that the evidence was insufficient to prove his knowledge of the cocaine conspiracy and, therefore, his specific intent to traffic in cocaine as opposed to some other substance. *See generally United States v. Svoboda,* 347 F.3d 471, 479 (2d Cir.2003) (explaining how resolution of knowledge component of *mens rea* may also resolve issue of intent). The argument is without merit and warrants little discussion.

Co-conspirator Robert Douyon provided direct evidence of Bouloute's culpable knowledge and intent when he testified to a conversation in which Bouloute stated that he had a way to smuggle "drugs out of the airport" and asked if Douyon knew anyone who would be interested in that "service." Trial Tr. 84. This testimony, which we must assume the jury credited, is sufficient, by itself, to evidence Bouloute's guilty knowledge and intent. *See United States v. Florez,* 447 F.3d 145, 155 (2d

---

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

Cir.2006) (collecting cases holding that uncorroborated testimony of single accomplice can support federal conviction).

In any event, extensive circumstantial evidence corroborates Bouloute's knowledge and intent. *See United States v. MacPherson*, 424 F.3d 183, 189–90 (2d Cir. 2005) (collecting cases recognizing that circumstantial evidence can, by itself, demonstrate guilty knowledge and intent). First, there is no question that the smuggled merchandise was, in fact, cocaine. Second, Bouloute was not some peripheral participant in the smuggling scheme; he was its instigator. From these facts, as well as Bouloute's statements acknowledging past suitcase smuggling ventures worth at least one million dollars, his efforts to take personal possession of the cocaine-laden suitcase in this case, his recruitment of key confederates, and his participation in critical conversations discussing kilogram quantities, prices, and the involvement of a Colombian cartel, a reasonable jury could certainly infer that Bouloute knew that what he was orchestrating was a drug transaction. *See United States v. Cruz*, 363 F.3d 187, 199 (2d Cir.2004). Alternatively, the circumstantial evidence permitted the jury to conclude that Bouloute was aware of a "high probability" that his smuggling venture involved cocaine and that he "consciously avoided" confirming that fact. Such conscious avoidance is sufficient to satisfy the knowledge requirements of a crime. *See, e.g., United States v. Aina–Marshall*, 336 F.3d 167, 171 (2d Cir.2003); *see also United States v. Svoboda*, 347 F.3d at 477.

Bouloute's attempts to hypothesize innocent inferences from the cited circumstances are far-fetched and unconvincing, but even where alternative inferences are plausible, "it is the task of the jury, not the court, to choose among competing inferences." *United States v. Morgan*, 385 F.3d 196, 204 (2d Cir.2004) (internal quotation marks omitted); *see also United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). We have "long recognized that drug dealers seldom negotiate the terms of their transactions with the same clarity as business persons engaged in legitimate transactions." *United States v. Garcia*, 291 F.3d 127, 139 (2d Cir.2002). Therefore, the totality of the circumstances in this case suffices to permit a reasonable jury to infer Bouloute's knowing and intentional trafficking in cocaine. Accordingly, we reject Bouloute's sufficiency challenge as without merit.

### 2. *The Evidentiary Challenges*

We review a district court's evidentiary rulings only for abuse of discretion, *see United States v. Paulino*, 445 F.3d 211, 217 (2d Cir.2006) (collecting cases), and find none in this case.

■ The district court properly admitted Bouloute's May 8, 2003 statements acknowledging prior suitcase smuggling both as (1) part of a conversation that proved the existence of the charged conspiracy and (2) prior bad acts relevant to the disputed issues of knowledge and intent without unfair prejudice to the defendant. *See* Fed.R.Evid. 404(b); *Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Paulino*, 445 F.3d at 221–23; *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir.1999); *United States v. Pipola*, 83 F.3d 556, 565 (2d Cir.1996).

■ As for Agent Callahan's testimony regarding what a confidential informant told him about prior cocaine dealing with Bouloute, the evidence appears to be inadmissible hearsay. The defense, however, failed to note such a ground for objection

on the record.[2] Accordingly, we review only for plain error, *see United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Paulino,* 445 F.3d at 216 n. 1, and find none because the other evidence, when viewed in the light most favorable to the government, overwhelmingly established Bouloute's guilty knowledge and intent. Thus, Bouloute "cannot show that the alleged error 'affect[ed] his substantial rights' or 'seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings.'" *United States v. Paulino,* 445 F.3d at 216 n. 1 (quoting *United States v. Olano,* 507 U.S. at 732, 113 S.Ct. 1770) (alterations in original). As detailed above, Douyon provided direct evidence that Bouloute knowingly and intentionally orchestrated a scheme to import cocaine through Newark Airport. Extensive circumstantial evidence demonstrating Bouloute's instigation of and involvement in the drug trafficking operation convincingly further indicated that he had to have known and intended that the object of the scheme was cocaine. Thus, any error in the admission of a hearsay statement about a past cocaine deal was plainly harmless. *See id.* at 219.

Accordingly, we reject Bouloute's evidentiary challenges to his conviction as without merit.

### 3. *The Sentencing Challenge*

■ Bouloute contends that the 130–month prison term imposed in his case is unreasonable both because the district court failed to consider all the sentencing factors enumerated in 18 U.S.C. § 3553(a), and because his sentence is "greater than necessary" to do justice in this case, *id.* The first argument is foreclosed by our decision in *United States v. Fernandez,* which holds that "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the [§ 3553(a)] factors." 443 F.3d 19, 30 (2d Cir.2006). Nothing in the record of this case warrants an exception to this presumption.

■ As for Bouloute's challenge to the length of his sentence, we have ruled that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). This is not such a rare case. The 130–month sentence is only ten months higher than the ten-year minimum sentence mandated by statute. *See* 21 U.S.C. §§ 841(b)(1)(A)(ii)(II), 960(b)(1)(B)(ii). Further, it is twenty-one months less than the low end of Bouloute's Sentencing Guidelines range of 151 to 188 months. The district court selected the lesser sentence precisely because, after considering all relevant factors, it concluded that a 151–month sentence was greater than necessary to do justice in the case. In these circumstances, we will not substitute our judgment for that of the sentencing judge in deciding the precise lesser sentence sufficient but not greater than necessary to do justice. *See United States v. Florez,* 447 F.3d at 157–58; *United States v. Fernandez,* 443 F.3d at 27.

---

**2.** Bouloute acknowledges that the district court understood the defense's objection to Officer Callahan's testimony to invoke Fed. R.Evid. 404(b). He attempts to excuse his failure to raise a specific hearsay objection by asserting that defense counsel was not permitted to state the ground for objection. The record does not support the assertion. In any event, Bouloute never requested a sidebar to clarify the hearsay ground for his objection nor did he avail himself of the opportunity provided by a sidebar requested by the government to make this point.

The district court's June 10, 2005 judgment of conviction is hereby AFFIRMED.